UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **SCVNGR, Inc. d/b/a LevelUp,** | § | |
| *Plaintiffs*, | § | |
| v. | § | Case No. 6:15-CV-493-JRG-KNM |
| **DailyGobble, Inc. d/b/a Relevant** | § | |
| *Defendants*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of Magistrate Judge, which contains her findings, conclusions, and recommendation regarding Plaintiff's Motion for Enhanced Damages and Attorney Fees (Doc. No. 91) and Motion for Contempt Sanctions, or Alternatively, for an Order to Show Cause (Doc. No. 94) has been presented for consideration. The Report and Recommendation (Doc. No. 129), filed on August 30, 2016, recommends that Plaintiff's motions be denied without prejudice. As to the Motion for Enhanced Damage and Attorney Fees, neither party filed written objections. Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's Motion for Enhanced Damages and Attorney Fees be **DENIED WITHOUT PREJUDICE**.

The Court will now turn its attention to the Plaintiff's Motion for Contempt Sanctions. On September 13, 2016 Plaintiff SCVNGR, Inc. ("SCVNGR") filed an Objection to the Magistrate Judge's Report and Recommendation Denying Without Prejudice Plaintiff's Motion for Contempt (Doc. No. 130). Having made a *de novo* review of the written objections filed by

SCVNGR, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objection is without merit. For the reasons below, SCVNGR's Objection is **OVERRULED** and the Motion for Contempt Sanctions, or Alternatively, for an Order to Show Cause is **DENIED WITHOUT PREJUDICE**.

Plaintiff's Objection primarily takes issue with the Report's recommendation that the LPQ-2 App is not within the scope of the Court's Judgment pursuant to a Rule 68 offer of judgment. Doc. No. 130 at 1. Plaintiff bases this objection on two main arguments. First, the Court should construe an ambiguous Rule 68 Judgment against the drafter. Second, the LPQ-2 App was at issue and is included in the judgment.

The Rule 68 Offer of Judgment, accepted by Plaintiff, provides:

1. The Court enters a Judgment in favor of LevelUp that Claims 1–2, 4–10, and 12–14 of U.S. Patent No. 8,639, 619 ("the '619 Patent") have been infringed by Relevant.

2. It is further **ORDERED** that Defendant shall cease and desist from making, using, selling, or offering to sell products and services that infringe the '619 Patent.

3. It is further **ORDERED** that Relevant shall pay LevelUp $30,000.00 in damages inclusive of costs.

Judgment was entered pursuant to Rule 68 on January 14, 2016, Doc. No. 90.

SCVNGR's first argument arises out of the ambiguity of this judgment. Plaintiff argues that the Report misapplied the general rule that judgments should serve as a notice function and must be construed narrowly in favor of a defendant. Doc. No. 130 at 4. The plaintiff takes a strong position arguing that in every case where there is a Rule 68 judgment, the presumption to construe against the drafter replaces the general rule that judgments are to give notice. *Id.*

The Report includes a discussion of two competing considerations: the presumption to construe an ambiguous Rule 68 Judgment against the drafter and the consideration that, not just a

2

judgment, but that an injunction must give adequate notice to the conduct enjoined. Report at 7–8 (citing *Abbott Labs. v. TorPharm, Inc.*, 503 F.3d 1372, 1382–83 (Fed. Cir. 2007). The Report counterbalanced these two competing considerations and further took into consideration the record of this case, and the Offer of the Judgment. *Id.* The Report discusses its basis for declining to consider the LPQ-2 App as a "product adjudged to infringe," without further proceedings. *Id.*

Despite the plaintiff's arguments, SCVNGR fails to cite any binding law for the proposition that in the case of an injunction, the presumption to construe a Rule 68 Judgment against the drafter replaces the rule that an injunction must give the defendant notice of the conduct enjoined. *See generally* Doc. No. 130. Instead, Plaintiff cites to a case addressing the availability of costs after the defendant makes an ambiguous offer. *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076 (7th Cir. 1999). In fact, the case law supports applying the presumption when addressing the availability of costs or attorney's fees rather than in the case of an injunction. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1243 (11th Cir. 2002) ("[W]here an offer is ambiguous with respect to whether it includes fees, that ambiguity will be construed against the drafter."); *see Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391–92 (7th Cir. 1999); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833–34 (9th Cir. 1997).

The Report based its recommendation on the record and the Offer of Judgment in this case. This objection is without merit. The Report provides a thorough and well-reasoned analysis for its decision to counterbalance the two considerations with the record of the case.

Plaintiff next argues that the LPQ-2 App was "at issue" and is included in the Rule 68 Judgment. Doc. No. 130 at 5. Plaintiff argues that the circumstances of this case "establish that the LPQ-2 App was within the judgment's scope as an accused product at issue in the litigation." *Id.* at 5.

The Report includes a thorough discussion of the small record that is at issue in this case. Report at 6. The Report discusses its basis for declining to consider the LPQ-2 App adjudged to infringe. *Id.* The Magistrate Judge notes that the record is not clear enough at this point to decisively state that the LPQ-2 App is part of the Rule 68 Judgment in this case. *Id.*

Despite the Magistrate Judge's analysis that the record is insufficient to determine that the LPQ-2 App is a product adjudged to infringe, Plaintiff offered no new argument as to why the Court should hold otherwise. SCVNGR relies on a case which has a record completely different than the record in this case. *Signtech USA, Ltd. v. Vutek, Inc.*, 174 F.3d 1352 (Fed. Cir. 1999). The record in *Signtech* consisted of full discovery, claim construction, and a jury trial. *See id.* at 1354. Here, the record includes infringement contentions, a complaint, and a few responses to interrogatories. Report at 6. This Court and the parties did not have the opportunity to fully develop the case prior to the offer of judgment. Thus, Plaintiff's reliance on *Signtech* is misplaced.

The Report does not go as far as to say that there can never be a case in which a product can be adjudged to infringe based on the clarity of the record. The Magistrate Judge recommends that the record in this case was insufficient to make that determination. Therefore, the Magistrate Judge recommended that the Court decline to hold Defendant in contempt without further proceedings. Plaintiff's objection is without merit. The Report provided a thorough and well-

reasoned analysis for its recommendation that the Court decline to hold Defendant in contempt without further proceedings.

Accordingly, the Court **ADOPTS** the Rules 68 Judgement as the judgment of the Court. Additionally, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation that Plaintiff's Motion for Contempt Sanctions, or Alternatively, for an Order to Show Cause (Doc. No. 94), be **DENIED WITHOUT PREJUDICE**.

**So Ordered this**
**Sep 22, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE