IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SCVNGR, INC., | § § § | |
| v. | § § § | CAUSE NO. 6:15-CV-00493-JRG-KNM |
| DAILYGOBBLE, INC., | § § | |

## ORDER

Before the Court is Plaintiff SCVNGR, Inc. d/b/a LevelUp's ("LevelUp") Motion to Compel Discovery and for Sanctions. Doc. No. 140. Defendant DailyGobble, Inc. d/b/a Relevant ("Relevant") filed a response. Doc. No. 143. Then, LevelUp filed a Reply, Doc. No. 144, and Relevant filed a Sur-Reply, Doc. No. 151. For the reasons below, the Motion is **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

On May 26, 2015, Plaintiff filed suit against Relevant for infringement of U.S. Patent No. 8,639,619 ("the '619 Patent"). On January 14, 2016, LevelUp accepted a Rule 68 Offer of Judgment, which provided that Claims 1-2, 4-10, and 12-14 of the '619 Patent were infringed by Relevant and included a cease and desist preventing Relevant from continuing to infringe the '619 Patent. LevelUp now alleges that Relevant is violating this injunction and Relevant continues to infringe the '619 Patent in violation of the Court's Order. The Court ordered discovery to determine LevelUp's post-judgment allegations.

## APPLICABLE LAW

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." FED. R. CIV. P. 26(b)(1).

1

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

**ANALYSIS**

LevelUp filed a motion to compel and for sanctions regarding Relevant's failure to produce a group of emails. Relevant responds that it has properly withheld the emails. Therefore, Relevant argues the motion to compel and for sanctions should be denied. The Court will address the motion to compel and the motion for sanctions below.

*Motion to Compel*

LevelUp seeks the production of twenty-four emails between Relevant, Relevant's counsel, and Le Pain Quotidien, Inc. ("LPQ"). Relevant contends that these emails are protected by attorney-client privilege because the privilege extends to third party communications under the common interest exception. Doc. No. 143. Level Up responds that the common interest exception does not apply to this case because LPQ and Relevant are not potential co-defendants.

> A party asserting attorney-client privilege must prove:
>
> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is (a) a member of a bar of a court, or his subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication related to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services (iii) or assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

2

*Ferko*, 218 F.R.D. at 133–34. However, "[d]isclosure of privileged information by an attorney to actual or potential co-defendants, or to their counsel, in the course of a joint defense does not constitute a waiver of the attorney-client privilege." *In re Santa Fe*, 272 F.3d 705, 712 (5th Cir. 2001) (citing *In re LTC Securities Litigation*, 89 F.R.D. 595 (N.D. Tex. 1981)); *accord Aiken v. Tex. Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 624–25 (E.D. Tex. 1993) (the common interest exception is also known as the joint defense privilege and protects communication that is intended to "facilitate representation" or "the rendition of legal services."); *Autobytek, Inc. v. Dealix, Corp.*, 455 F. Supp. 569 (E.D. Tex. 2006) (privilege extends to third party communications "regarding common legal issues that were intended to facilitate representation in possible subsequent patent infringement litigation."). A potential co-defendant means that "there is a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might someday result in litigation." *Id.*

After conducting an *in camera* review, the emails were not made in the course of a joint defense, to facilitate joint representation, or to discuss a common legal interest. *See In re Santa Fe*, 272 F.3d at 712; *Aiken*, 151 F.R.D. at 624–25. The emails focus on the status of the underlying proceeding, rather than preparation of a joint defense or to facilitate representation. Additionally, while LPQ may have hoped Relevant would prevail because a loss for Relevant could impact LPQ's business, "[a] shared rooting interest in the 'successful outcome of a case' . . . is not a common legal interest." *United States v. Ocwen Loan Servicing, LLC*, 2016 WL 1031157, at *6 (E.D. Tex. March 15, 2016).

Further, the content of the emails suggest that LPQ is not a potential co-defendant. The emails suggest that LPQ understood that the litigation was between Relevant and LevelUp. LPQ never indicated that it believed it would be required to litigate the matter. Moreover, Relevant

never told LPQ its conduct would result in litigation. While LPQ did question the effect an injunction against Relevant would have on LPQ's business, there was no discussion of any resulting litigation that would involve LPQ. Relevant argues that LevelUp sent letters to LPQ that suggest LPQ and Relevant were potential co-defendants. This argument is unpersuasive. Instead, the letters suggest that the underlying litigation is between LevelUp and Relevant, and that LPQ is not a co-defendant in the litigation. *See* Doc. No. 140 Ex. D; Doc. No. 151 Ex. C-2.

While the majority of the emails are between Relevant, its counsel, and LPQ there is one email that was not shared with LPQ. Document Number Seven is an email between Relevant's counsel, the CEO of Relevant, and the founding partner of Relevant. While the entire thread contains some emails that LPQ participated in, the actual email that is produced in Document Number Seven is not shared with a third party. The remainder of the thread is available in other document numbers. The email contained in Document Number Seven was between a client and a member of a bar of a court, who was acting as a lawyer in connection with this communication. Additionally, the communication related to a fact that the attorney was informed of by his client, without the presence of strangers, for the purpose of assistance in a legal proceeding and not for the purpose of committing a crime or tort. This privilege has been claimed and has not been waived. *See Ferko*, 218 F.R.D. at 133–34.

*Motion for Sanctions*

LevelUp additionally asks the Court to "order Relevant to pay the reasonable attorney fees and costs incurred by LevelUp in connection with bringing this motion, and conducting a further deposition of a Relevant witness concerning the withheld documents." Doc. No. 140 at 5–6. Relevant argues that LevelUp's request for sanctions should be denied because the emails have been withheld for sound reason and because Relevant has acted in good faith.

4

Under Federal Rule of Civil Procedure 37, a court must award reasonable expenses incurred in making a motion to compel that is granted unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). However, if a motion to compel "is granted in part and denied part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

Here, the motion to compel is granted in part and denied in part. After a review of the relevant pleadings and case law, the Court does not award attorneys' fees at this time. However, the Court does not foreclose the possibility of LevelUp requesting sanctions, should Relevant fail to comply with this Order.

## CONCLUSION

For the reasons stated above, it is so **ORDERED** that LevelUp's Motion to Compel Discovery and for Sanctions (Doc. No. 140) is **GRANTED IN PART and DENIED IN PART**. Relevant shall produce all emails sought in this Motion to Compel, except for Document Number Seven, which is protected by attorney-client privilege.

It is further **ORDERED** that LevelUp's request for attorneys' fees is **DENIED**.

So ORDERED and SIGNED this 6th day of September, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE