# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SCVNGR, INC. d/b/a LEVELUP | § § § § | |
| v. | § | CIVIL ACTION NO. 6:15cv493 |
| | § § | |
| DAILYGOBBLE, INC. d/b/a RELEVANT | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of Plaintiff's Renewed Motion for Order to Show Cause Why Defendant DailyGobble, Inc. d/b/a Relevant Should Not be Sanctioned for Contempt (ECF 139). The Report and Recommendation (ECF 195) recommends that the motion be denied. Plaintiff filed written objections (ECF 196) and Defendant filed a response (ECF 198).

Plaintiff raises three objections. First, Plaintiff objects to the Court's construction of Claim 1 of U.S. Patent No. 8,639,619 ("the '619 patent"). Previously, an Amended Memorandum Opinion and Order (ECF 191) was filed resolving the parties' claim construction disputes. Plaintiff filed an objection to the claim construction opinion (ECF 192). Thereafter, the undersigned considered Plaintiff's objection and adopted the Amended Memorandum Opinion and Order (*see*

1

Order, ECF 194). Plaintiff's objection to the Court's claim construction has been considered and rejected. Accordingly, the first objection lacks merit.

Next, Plaintiff objects that the Report and Recommendation does not include a separate infringement analysis for Claim 8. In the motion before the Court, however, Plaintiff did not brief infringement of Claim 8 by Defendant's LPQ-2 system. It is not appropriate to submit new evidence or to raise new arguments for the first time in written objections to a Report and Recommendation for review by the district judge absent compelling reasons. *Freeman v. County of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998). Plaintiff's second objection does not warrant rejecting the Report and Recommendation.

Finally, in the third objection, Plaintiff complains that the Report and Recommendation erroneously finds that Defendant's LPQ-2 system does not perform step (d) of Claim 1. Plaintiff's objection, however, mischaracterizes the Court's finding. The Court's claim construction opinion concluded that Claim 1 requires step (d) to be performed before steps (e), (g) and (h).[1] This ordering of steps requires, for example, "receiving" a token in step (d) before the token is associated with the user in step (e).[2] Defendant submitted evidence showing that its LPQ-2 system reverses its process from its prior infringing system—LPQ-1—such that it now generates a unique ID for a user, instead of the payment processing entity, and does not follow the ordering of steps performed in Claim 1. Plaintiff did not meet its burden of proving by clear and convincing evidence that Defendant's redesigned product is not more than colorably different than the infringing product.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct and Plaintiff's

---

[1] *See* Amended Memorandum Opinion and Order, ECF 191, at *20–21; adopted in Order, ECF 194.
[2] *Id*. at *19.

objection is without merit. The Court therefore **ADOPTS** the findings and conclusions of the Magistrate Judge as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's Renewed Motion for Order to Show Cause Why Defendant DailyGobble, Inc. d/b/a Relevant Should Not be Sanctioned for Contempt (ECF 139) is **DENIED**.

**So Ordered this**
**Dec 12, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE